**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4220**

UNITED STATES OF AMERICA,

             Plaintiff – Appellee,

      v.

THOMAS BALDWIN,

             Defendant – Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:08-cr-00315-TDS-1)

Submitted:  September 28, 2010          Decided:  October 8, 2010

Before MOTZ, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant.  Anna Mills Wagoner, United States Attorney, Terry M. Meinecke, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Baldwin appeals the 262-month sentence imposed following his guilty plea to one count of possession with intent to distribute cocaine base, in violation of 21 U.S.C.A. § 841(a)(1), (b)(1)(B) (West 1999 & Supp. 2010), and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c)(1)(A)(i) (West 2000 & Supp. 2010). On appeal, Baldwin contends that the district court erred in declining to depart downward to account for the period of imprisonment he had already served on an undischarged state sentence. Finding no reversible error, we affirm.

We review a sentence imposed by a district court under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 45 (2007); see United States v. Lynn, 592 F.3d 572, 578-79 (4th Cir. 2010) (abuse of discretion standard of review applicable when defendant properly preserves a claim of sentencing error in district court "[b]y drawing arguments from § 3553 for a sentence different than the one ultimately imposed"). We begin by reviewing the sentence for significant procedural error, including such errors as "failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) [2006] factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen

2

sentence." Gall, 552 U.S. at 51. If there are no significant procedural errors, we then consider the substantive reasonableness of the sentence, taking into account the totality of the circumstances. United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007). We presume reasonable a sentence imposed within the properly calculated Guidelines range. United States v. Mendoza-Mendoza, 597 F.3d 212, 217 (4th Cir. 2010). Even if we would have reached a different result, this fact alone is insufficient to justify reversal of the district court. Pauley, 511 F.3d at 474.

"When rendering a sentence, the district court 'must make an individualized assessment based on the facts presented.'" United States v. Carter, 564 F.3d 325, 328 (4th Cir. 2009) (quoting Gall, 552 U.S. at 50). Accordingly, a sentencing court must apply the relevant § 3553(a) factors to the particular facts presented and must "state in open court" the particular reasons that support its chosen sentence, showing that it has a reasoned basis for its decision and has considered the parties' arguments. Id. A sentencing court need not, however, "robotically tick through" otherwise irrelevant subsections of § 3553(a). See United States v. Johnson, 445 F.3d 339, 345 (4th Cir. 2006).

Here, Baldwin challenges the district court's decision not to depart downward to account for the time he had already

3

served on an undischarged state sentence. Under U.S. Sentencing Guidelines Manual § 5G1.3(c) (2009), in a case involving an undischarged term of imprisonment that does not fit within subsections (a) and (b), a downward departure is authorized only under extraordinary circumstances. See USSG § 5G1.3 cmt. n.3(E). A downward departure is warranted only if it is necessary to "ensure that the combined punishment is not increased unduly by the fortuity and timing of separate prosecutions and sentencings." Id.

We conclude that the district court did not abuse its discretion in determining that Baldwin was not entitled to a downward departure. As it stands, Baldwin's sentence is at the lowest end of the applicable Guidelines range. See USSG § 4B1.1(c)(3). The vast majority of the sentencing hearing was devoted to the issue of downward departure. In making its decision, the district court determined the correct advisory Guidelines range, considered the § 3553(a) factors and its authority to depart downward, and explained its decision to the parties. Its determination was individualized, taking into account the unique treatment of Baldwin's state and federal charges, the nature and circumstances of the offense, and Baldwin's history. Reflecting upon those factors, the court determined that the circumstances were not sufficiently extraordinary to warrant a downward departure in light of

4

Baldwin's extensive criminal history. <u>See</u> USSG § 5G1.3 cmt. n.3(E).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>